[Huron Circuit Court, November Term, 1895.]

BAKER V. LAMKIN ET AL.

SETTING ASIDE JUDICIAL SALE.

The probate court acquires exclusive jurisdiction to determine every question in the case by the filing of a petition to sell real estate, and the common pleas court has no jurisdiction to set aside a sale made and confirmed by order of the probate court, except when a fraudulent judgment has been procured.

KING, J.

An action was brought in the court of common pleas by Amy Lamkin against Sampson J. Baker, then the executor of the last will of Isaac J. Baker, deceased, and Floretta Baker, defendants.

The plaintiff sets forth in her petition that the defendant, Baker, was the executor of the last will and testament of Isaac J. Baker, and that he is the husband of the defendant, Floretta Baker; that Floretta Baker had, before that time, presented to Sampson J. Baker, as the said executor, a large claim for personal services against the estate of Isaac J. Baker for over $2,500, said sum being more than the entire property of said Isaac J. Baker; that Sampson J. Baker, as said executor, colluded with Floretta Baker to obtain said sum, to wit, said $2,500, or as much thereof as said property would pay, and fraudulently allowed said claim of his said wife, to wit, said $2,500, being, as plaintiff believes, much in excess of said amount due her. "Thereupon, as a part of said plan to defraud said estate, and to wrong this plaintiff and other creditors thereof, said Sampson J. Baker, executor as aforesaid, began a suit in the probate court of Huron county, Ohio, on or about December 5, 1892, asking an order of said court to sell said real estate," or certain real estate which is described in the petition.

"Thereafter said executor obtained an order, from said court to sell the said premises at private sale, terms cash in hand (the same having been duly appraised), and immediately proceeded to sell and did sell, on the same day when said order was issued, said land to his said wife, Floretta Baker, at the price of $1,100.

"Thereafter, said executor made due return of said sale in words and figures, as follows, to wit: 'In obedience to the foregoing order of sale, I sold said premises on the 5th day of December, 1892, to Floretta Baker, for the sum of $1,100, said sum being more than the appraised value of the same, and the highest and best price I could obtain. S. J. Baker, executor of the estate of Isaac J. Baker, deceased.'

"Said return was duly verified and filed with said court.

"Thereupon, said probate court, supposing said sale to be in all the respects regular, honest and proper, and in accordance with the law and the orders of said court, duly confirmed said sale and ordered a deed of said property to be executed by said executor to said Floretta Baker.

"Thereupon, as further carrying out said purpose, said Sampson J. Baker, executor as aforesaid. made and executed a deed of said property to his said wife, Floretta Baker, and thereupon he took possession of said premises and has since managed and conducted the same, and said purchase was for the benefit as well of said Sampson J. Baker as of said Floretta Baker

"The plaintiff further represents that said Floretta Baker did not pay

to said Sampson J. Baker, executor as aforesaid, the purchase price of said real estate, or any part thereof, and no part of said purchase price has yet been paid, and it was and is the purpose of said Sampson J. Baker and his said wife that said purchase price should not be paid; and no attempt has been made by said Baker, executor, to collect any part of said purchase price, and no securities have been executed by said Floretta Baker, or given by her to said Sampson J. Baker, executor, for said purchase price. But plaintiff says that said estate holds a vendor's lien on said premises for the payment of said purchase money.

"Because of the relation existing between said parties, and the illegal design aforesaid, said Sampson J. Baker, executor as aforesaid, will not, as plaintiff believes, take any steps to obtain said purchase price, or to protect said estate, and has taken no steps for such purpose from the date of said sale to the present time.

"Plaintiff further says that said Sampson J. Baker is wholly insolvent, and no part of said purchase money can be collected by process of law, and that said Sampson J. Baker, as said executor, has never been required to, and never has given bond as executor of the will of said Isaac J. Baker, deceased. And plaintiff fears that unless this court interferes to protect the rights of said estate, it will suffer irreparable loss.

"Plaintiff is one of the general creditors of said estate, and has recovered judgment in this court against said Sampson J. Baker, as said executor, in a large amount, to wit, the sum of about one thousand dollars, and said judgment remains unreversed and wholly unsatisfied.

"Wherefore, plaintiff asks that said Floretta Baker be required to pay said purchase money, to wit, said sum of $1,100.00, together with interest thereon from the fifth day of December, 1892, into this court; or that the deed to said premises, heretofore executed by said Sampson J. Baker, as said executor, to said Floretta Baker, be ordered canceled of record, and said Sampson J. Baker as said executor, be ordered to give due notice to said Floretta Baker that unless she pay said purchase price and interest at once, said premises will be resold at her risk, and in case said Floretta Baker fails to make said payment, that said executor be required to proceed, after due advertisement, to sell said real estate at the risk of said Floretta Baker; and in case said real estate shall sell for less than the said price for which the same was sold to said Floretta Baker, that said executor proceed against her for the loss to said estate, and the costs and expense of said proceeding and resale, or that said conveyance be set aside at the individual expense of said Sampson J. Baker and Floretta Baker.

"That said Floretta Baker and Sampson J. Baker be enjoined, pending this action, from selling, disposing of, or encumbering said real estate."

To that petition there was a demurrer based upon the ground that the court did not have jurisdiction of the subject matter;

2. That the plaintiff has not the legal capacity to sue.

3. That the petition does not state facts sufficient to constitute a cause of action.

This demurrer was heard and overruled and plaintiff excepts. Then Sampson J. Baker, executor, filed an answer denying all the allegations of fraud, but admitting the main facts of the petition.

There was a reply to that answer filed by the plaintiff. There was also an answer filed by Floretta Baker denying the allegations of

the petition. There was also an answer filed by Adelbert E. Hanville who, after the commencement of the suit, was made party defendant and who set up in his answer that, "on or about August 10, 1893, the probate court of this, Huron county, Ohio, revoked the letters of administration theretofore by said court issued to the defendant, Sampson J. Baker, as executor with the will annexed of the estate of Isaac J. Baker, deceased, thereby removing him from the trusteeship of said estate; and that on or about August 14, 1893, said court appointed this defendant, Adelbert E. Hanville, administrator *de bonis non* with the will annexed of said estate of Isaac J. Baker, deceased, and that he duly qualified, and still is acting as such administrator."

"This defendant further says that said Sampson J. Baker informed him that the defendant, Floretta Baker, did present a claim to him, Sampson J. Baker, for services amounting to the sum of twenty-five hundred dollars, and that he as executor allowed the same as a valid claim against said estate.

"That with reference to the sale of the real estate described in plaintiff's petition, this defendant's information is almost wholly derived from the records of the probate court, and that he has not sufficient knowledge on the subject to affirm or deny the charges of fraud contained in plaintiff's petition."

On these pleadings the case went to trial and a judgment was rendered for the plaintiff. Then a petition in error is filed to set that judgment aside. The judgment which was rendered upon the trial in the court below to which exceptions were taken, substantially finds that the allegations of the petition are true, and it is ordered that said Floretta Baker within five days from the entering of this judgment and decree, pay, or cause to be paid to the clerk of this court the said sum of eleven hundred ($1,100.00) dollars with interest from December 5, 1892, said sum to be by said clerk paid over to said Adelbert E. Hanville, administrator as aforesaid.

That in default of said payment, said deed of said premises heretofore executed and delivered to said Floretta Baker by said Sampson J. Baker as executor of the will of Isaac J. Baker, deceased, be canceled of record, and the clerk of this court is ordered to certify such cancellation to the recorder of said Huron county.

That said Adelbert E. Hanville, administrator as aforesaid, be and he hereby is ordered to give due notice to said Floretta Baker, that, unless she pays said purchase price and interest thereon from December 5, 1892, within five days from the service of such notice, said premises will be resold at her risk and that she will be required to pay any loss which said estate may sustain by reason of said premises failing to sell for enough on said resale to cover said sum of $1,100.00 with interest as aforesaid, and the cost and expense of said resale.

That thereupon, in case said Floretta Baker fails to make such payment within the time limited after such notice, said Adelbert E. Hanville, administrator as aforesaid, proceed at once to duly advertise said premises for sale at public auction, for cash, said sale to be for not less than two-thirds of the appraised value thereof, as fixed by the appraisers in said proceeding in the probate court under which said original sale was had; and that after due advertisement, he sell the same to the highest bidder for cash.

That in case said premises sell on said resale for less than said sum of $1,100.00, with interest from December 5, 1892, together with the

costs and expenses incident to said resale, said Hanville, as such administrator, proceed by due process of law against said Floretta Baker to recover the amount so lost to said estate.

To said finding and order in so far as it concerns recovery of costs from said estate, defendant, Hanville, by J. R. McKnight, his attorney, excepts.

There was a bill of exceptions taken after the trial and it is claimed that this judgment is against the law and not supported by the evidence, in addition to the claim also that was made by the original demurrer that the court did not have jurisdiction; and that the proper party had not brought suit.

These questions have been argued quite at length and we have given them considerable attention. The case presents in our judgment some quite new questions, new to the court at least.

It is claimed that the court of common pleas did not have jurisdiction to entertain this action both in the demurrer and in the trial of the case. We are not able to come to the conclusion that the court did not have jurisdiction in some senses of that word "jurisdiction." This petition in one clause of it, seeks to recover this money as the purchase price of this property and to have a vendor's lien established. Clearly the court of common pleas has jurisdiction to establish a vendor's lien, or to recover the purchase price of land, whether that land was sold by an administrator or by a private individual. Upon the question whether the proper party has brought suit, more difficulty arises. I am unable to find, or to think of any case that has been sustained either for the recovery of any money or property belonging to an estate in the name of any other person than the administrator or executor. In one or two cases it is laid down that it must be brought by the administrator. The case cited which in some respects is parallel with the case in the 48th, Ohio State, where a demurrer to the petition was overruled in an action which was sought to be maintained by some of the creditors, and it was held that the demurrer should be overruled; that the court in that case had jurisdiction. It is clear that the court had jurisdiction. The court in passing upon the point as to whether the assignee should have brought suit, or one of the creditors, said that they thought in that kind of a proceeding a creditor might maintain such a suit; but in that case it was alleged—and the court referred to it in the opinion—that upon a demand by him upon the assignee to bring an action. he refused to bring it. That does not appear in this petition.

We shall not dispose of this case upon the question as to whether the administrator could maintain a suit, or whether it should have been brought by the administrator. We shall not decide that the plaintiff could not maintain it, nor pass directly upon that question. The case, by the evidence, exhibits some other questions.

As I have said, no doubt the court of common pleas would have jurisdiction to enforce a vendor's lien, and if this case were simply a naked case to recover the purchase price for which this property was sold, the court, we think, clearly had jurisdiction, to try that kind of a case and to decide it just exactly as it did decide it, finding the purchase money had not been paid. The petition avers, and the proof shows that Sampson J. Baker was the executor of the estate of Isaac J. Baker and he filed his petition in the probate court to sell this real estate, describing it.

So far as the sale of that real estate is concerned and its ultimate conclusion, the probate court had then acquired, by the filing of that

petition, exclusive jurisdiction to determine every question in the case, As stated by the supreme court in a very late case : They have jurisdiction to determine every question arising upon the settlement of estates and even to determine the state of title and to recover title and possession ; to impanel a jury and try questions of title as to real estate. In other words, they have plain jurisdiction in every question of fact arising in any action presented to afford parties a trial by jury. It goes on to say that all person having an interest or liens in land, may be made parties, and every question there determined, that every purchaser may acquire a clear and unencumbered title.

That kind of a petition was filed in the probate court, and the probate court had that kind of jurisdiction upon the filing of the petition and the probate court made an order that the executor should sell this land at private sale at not less than the appraised value for cash, and that the court had the authority to make. There is no allegation that the court did not follow the statute. Thereupon, the executor sold the land and reported that he had sold it to Floretta Baker for $1,100.00 for cash, and that that was more than the appraised value and the proof shows that it was more. It was appraised at $800.

In filing his petition, he alleges that this estate was indebted to a firm of physicians for medical services, and for the undertaker at the funeral, amounting to seventy-seven dollars and forty five-dollars, respectively, and to Floretta Baker for services rendered to Isaac J. Baker and his wife and in caring for them during their lifetime, in the sum of twenty-five hundred dollars.

On his coming in with the report that he had sold this property to Floretta Baker for the sum of $1,100.00, being more than the appraised value of the same, and being the highest and best price he could obtain, the court entered its order that :

" This cause now coming on to be heard on the return of S. J. Baker, executor, of his proceedings and sale under the order of this court, having carefully examined said return, being satisfied that such sale has in all respects been legally made, does hereby approve and confirm the same, and order that the said S. J. Baker, as such executor, make to the purchaser, Floretta Baker, a good and sufficient deed for the premises so sold."

Thereupon, he did make a deed to Floretta Baker for the premises so sold and delivered it to her and she filed it for record and it was recorded. That was before the filing of this petition.

This petition, as I said, was filed in July, 1893, and shortly after the filing of this petition Sampson J. Baker filed his final account which he had not done at the time of the filing of the petition in this case. He filed his final account in the probate court and set forth in that account that he had received certain moneys, to-wit: the sum of thirty-five dollars on a note and on another note the sum of $100, and on the sale of the real estate to Floretta Baker the sum of $1,100.00, and he claimed credits for the following payments : Paid funeral expenses, forty-five dollars and paid Floretta Baker on her account, $1,100.00. Then he paid divers and sundry othr persons, amounting altogether to $1,315.45. Attached to that account is the following statement :

" On December 5, 1892, said Sampson J. Baker sold real estate to Floretta Baker at an agreed price of eleven hundred dollars, which amount was applied upon her claim of twenty-five hundred dollars theretofore allowed. By reason of which transaction said Sampson Baker charges

himself in this account with the price agreed upon as that much cash received, and credits himself with the payment of the same amount to Floretta Baker on her claim."

That is sworn to. Then on the 28th day of December, the following appears of record :

" Notice of the filing of the accounts of S. J. Baker, executor of the last will and testament of Isaac J Baker, deceased, heretofore filed for a final settlement, having been duly given by publication in the Norwalk *Reflector*, a newspaper of this county, and this being the day named therein for the hearing of said accounts, the same came on this day to be heard and no exceptions thereto being filed, the court carefully examined said accounts and finding them in all things true and correct, it is ordered that the same be, and they are hereby confirmed and settled. And the court further find a balance of $80.45 due said executor from said estate."

That seems to be the last entry so far as Sampson Baker is concerned, in the probate court. Thereafter, the defendant, Hanville, was appointed executor of the estate with the will annexed. So now this is the record of the proceedings: The land was sold by the court having jurisdiction of the matter; it was sold for $1,100.00. It was sold, it is true, to the wife of the administrator, but that fact appeared in probate court and the court confirmed the sale. Now, the only thing remaining after that of which complaint could be made, and which could give the court of common pleas jurisdiction would be that, in some manner fraud had so far intervened as to either render the sale void, or as to permit the bringing of an action by a creditor to recover the purchase price. As I have said, this petition may be construed as an action to recover the purchase price, or it may be construed as an action to set aside the sale. We do not say that the court of common pleas would not have jurisdiction to set aside a sale in a case where fraud was averred or shown in a proceeding by the probate court by which a fraudulent judgment had been procured. But there is no evidence that such a fraudulent proceeding was had; the probate court was not imposed upon, because every step that this man perpetrated in this business is set forth there, and the probate court seems to have had full and adequate knowledge of exactly what this man was doing. He sold the property to his wife and he reported it sold to his wife for $1,100.00 and the probate court confirmed that sale. Thereupon, within such time as the court permitted him to have, he made a report of the moneys and the proceeds arising from that sale, although that had not been done when this action was commenced, it was done very shortly after, and long before this trial in the court of common pleas.

That record and report of the administrator shows exactly how this land was paid for, to-wit, by the application upon the debt of the estate to his wife which he had allowed and paid, and that action was approved and confirmed by the probate court on the payment of this amount. If the finding of the probate court is worth anything at all, and the probate court, by the laws of the state has exclusive jurisdiction in all matters of settlement of estates, it has exclusive jurisdiction to determine how an estate shall be sold and the money distributed, in the hands of an executor. It has concurrent jurisdiction with the court of common pleas in the sale of real estate, and has exclusive jurisdiction in the settlement of the debts of an estate.

Baker v. Lamkin et al.

Now, the court, by his applying the accounts of this man in the sale of this land, under the circumstances which the plaintiff claims it occurred, or under the circumstances it did occur, we think acted properly. The transaction was a proper one. The court approves and confirms it, or approves the action of the administrator in crediting his wife with the amount of $1,100.00 in that bill.

It is true, and we cannot help but say that, from the appearance of the record, a suspicion of fraud might arise. The sale of this land to this man's wife and the allowance of that bill were things that might well be criticised; but a review of this can not be exercised in an independent action which the court of common pleas has no jurisdiction of whatever; it must be exercised by the court that has jurisdiction, to wit, the probate court.

It is true, that the consideration for the sale of this land, according to the records of the probate court, was paid and was approved and confirmed by the probate court.

Now, can the court of common pleas, though it may have jurisdiction at the suit of a creditor to set aside a sale on the ground of fraud, where fraud exists, or to recover the purchase price where it has not been paid, go further than that and adjudge that the purchase price has not been paid, where the probate court has adjudged that it has been paid, by the payment of a debt due to the purchaser of the property?

If it was not a proper or a just debt, it does not occur to us, taking the settlement of this estate, the filing of the account and its approval by the probate court in connection with the sale of this real estate and the action of the prbate court thereon, that the court of common pleas would have jurisdiction either to set aside that sale, or to adjudge that this purchaser should pay again this purchase price.

If it were an action simply to recover the purchase price, we do not think the order of the court was proper. The only action was to render judgment in favor of the administrator against this purchaser for the amount of this money with the order that she pay it, or that the premises be sold to pay it. Then, the premises being sold and the proceeds applied uponthe payment of that debt, as far as they go, if that does not pay the whole debt and interest accruing, there will still be the judgment upon which execution might be awarded against this purchaser for the balance.

That would be the only action, in case an action were brought alone, to recover the purchase price. But if it is to set aside the sale for fraud, then it must be fraud upon the court. But here, we do not discover a single symptom of any fraud upon the court.

The record plainly sets forth exactly all that has been done and the only court that ever had jurisdiction and authority to approve it has approved it. So this judgment will have to be reversed on the ground that it is against the law and the evidence.